## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Diane Dobasewski,<br>    Plaintiff<br><br>v.<br><br>Commonwealth Financial Systems, Inc.,<br>    Defendant | FILED ELECTRONICALLY |

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which permits an FDCPA action to be brought in any court of competent

jurisdiction.  Venue in this District is proper in that the Defendant, Commonwealth Financial Systems, Inc. transacts business here and the conduct complained of occurred here.

### III.  PARTIES

3. Plaintiff, Diane Dobasewski, is a natural person residing at 20 Reynshanhurst Street, Carbondale, Lackawanna County, Pennsylvania 18407.

4. Defendant, Commonwealth Financial Systems, Inc., (hereinafter "CFS") is a corporation engaged in the business of collecting debts in this state with its principal place of business located at 120 N. Keyser Ave., Scranton, PA 18504.

5. CFS has registered with the Pennsylvania Department of State an address to receive service of process.  This address is 617 Keystone Ave., Peckville, PA 18452.

6. The principal business purpose of CFS is the collection of debts using the mails and telephone and CFS regularly attempts to collect debts alleged to be due another.

7. CFS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

8. On or before May 22, 2006, CFS began collecting a debt on which Plaintiff had been obligated.  "Debt" is used herein as that term is defined by the FDCPA, 15 U.S.C. §1692a(5).

9. At the time that CFS purchased the debt, it was in default.

10. On May 22, 2006, CFS sent Plaintiff a letter in an effort to collect Debt.  (Hereinafter "Letter").

11. A true and correct copy of Letter is attached hereto as "Exhibit A." (Redacted to comply with LR 5.2 and/or ECF Procedures 14.1).

12. In Letter, Defendant stated:  "Your failure to respond may result in the institution of a lawsuit."

13. This statement was false and misleading, as Defendant knew that no lawsuit would be instituted against Plaintiff on a $40.00 debt.

14. It is believed, and therefore averred, that CFS never had any intent to cause a lawsuit to be initiated against Plaintiff.

15. It is believed, and therefore averred, that as of May 22, 2006, Letter was the only written communication from Defendant to Plaintiff regarding the debt.

16. 15 U.S.C. § 1692g requires a debt collector to send, within five days of the initial communication in connection with the collection of a debt,

a notice of the consumer's validation rights.  Pursuant to the statute, the notice must contain in part the following information:

> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, **the debt will be assumed to be valid <u>by the debt collector</u>**.

15 U.S.C. § 1692g(a)(3)(emphasis added).

17. Letter does not contain the language identified in the previous paragraph.  Instead, it states:

> Unless you dispute the validity of this debt or any portion of it, within thirty (30) days of receipt of this notice, **the debt will be assumed to be valid.**"

(emphasis added).

18. By omitting the required language "by the debt collector", Defendant's statement creates an implication that someone other than Defendant, such as a court, will assume that the debt is valid if Plaintiff fails to dispute it.  This misrepresentation is false, deceptive and misleading and violates 15 U.S.C. § 1692e and § 1692e(10).

19. "The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer."  15 U.S.C. § 1692g(c).

## V.  FIRST CLAIM FOR RELIEF - FDCPA

20. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

21. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

    a. The Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not legally be taken or that was not intended to be taken; and

    b. The Defendant violated 15 U.S.C. § 1692e(10) by making a false representation in an attempt to collect a debt.

    c. The Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to include the statutorily required notice.

22. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

C. For such other and further relief as may be just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

                    Respectfully Submitted,

_____

Carlo Sabatini
Sabatini Law Firm
Suite 800
142 N. Washington Ave.
Scranton, PA  18503-2218
Attorney for Plaintiff
Phone (570) 341-9000
Facsimile (570) 504-2769
Email: ecf@bankruptcypa.com
Bar Number: PA 83831

Exhibit A

Letter from Defendant to Plaintiff dated May 22, 2006

P.O. Box 18036  
Hauppauge, NY 11788-8836  
Address Service Requested

**NCC**

Exhibit A

*A division of Commonwealth Financial Systems, Inc.*  
Tel: (570) 347-1115   Fax: (570) 963-1644  
Hours Of Operation - Eastern Time  
Monday - Thursday 8am - 9pm  
Friday 8am - 5pm, Saturday 8am - 12pm

**Personal & Confidential**

May 22 2006

Regarding: Northeastern Eye Institute  
Original Account #: ■748-9  
Amount Due: $ 40.00

#BWNBZWJ  
4017552*1  
DIANE DOBASEWSKI  
20 REYNSHANHURST ST  
CARBONDALE PA 18407-2135

Send To:  
NCC  
120 N. KEYSER AVENUE  
SCRANTON, PA 18504

**To pay online visit www.necredit.com or call 1-866-579-9524.**  
Your NCC/Commonwealth account number is 4017552.  
Please Detach And Return In The Enclosed Envelope With Your Payment

| Regarding: Northeastern Eye Institute | Original Acct No: ■748-9 | $40.00 |
|---|---|---|

Dear: Diane Dobasewski

Please be advised that your account has been assigned to NCC. We demand payment in full. Payment should be made payable to NCC. No other payment arrangements will be allowed unless authorized by our office.

This may be the only notice our office will issue. Your failure to respond may result in the institution of a lawsuit. Make no further contact with Northeastern Eye Institute concerning this delinquent account. Any payment made to anyone other than NCC is at your own risk and peril. If suit is started we cannot give you advice or assist you further. Do not expect our office to accept payments and direct our attorneys to withhold the entry of a judgment. You should expect to pay court costs, if this matter is sued and judgment is obtained.

Unless you dispute the validity of this debt or any portion of it, within thirty (30) days of receipt of this notice, the debt will be assumed to be valid. If you notify our office within the thirty (30) day period that the debt, or any portion of the debt, is disputed, we will obtain verification of the debt and mail it to you. (Upon receipt of a written request from you within the thirty (30) day period, our office will provide you with the name and address of the original creditor, if different from the current creditor.)

Notwithstanding the statements in the preceding paragraph, we reserve the right to forward this matter to our attorneys and to proceed by instituting suit.

This is an attempt to collect a debt any information obtained will be used for that purpose. This is a communication from a debt collector.

Sincerely,

Matt Dillon Ext. 209

(800) 848-2170

TO PAY BY CHECK OR CREDIT CARD USING OUR AUTOMATED DIRECT PAY SYSTEM, PLEASE CALL 1-866-579-9524. YOUR NCC/COMMONWEALTH ACCOUNT NUMBER IS 4017552. OR FILL IN THE INFORMATION BELOW AND RETURN THE ENTIRE LETTER TO US. I AUTHORIZE MY CREDITOR TO CHARGE MY OBLIGATION TO THE CHARGE CARD BELOW. NOTE THAT A $5.00 PROCESSING FEE WILL BE ADDED TO ALL CREDIT CARD PAYMENTS

**WE ACCEPT**

☐ VISA    ☐ MASTERCARD    ☐ AMERICAN EXPRESS

Account # _____  Expiration Date: ___/___

Card Holder Name: _____  Amount _____

Signature _____  Date _____

ACA INTERNATIONAL  
The Association of Credit and Collection Professionals

296

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF DIANE DOBASEWSKI

Plaintiff Diane Dobasewski being duly sworn according to law, deposes as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain exhibit labels and some of my own handwritten notations.

8. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities.

Dated: February 6, 2007

*Diane Dobasewski*
Diane Dobasewski
Plaintiff

Subscribed and sworn to before me this
6th day of February, 2007.

*Kimberly M. Bryden*

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Kimberly M. Bryden - Notary Public
City of Scranton, Lackawanna County
MY COMMISSION EXPIRES NOV. 08, 2010